```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                       NORTHEASTERN DIVISION
```

FILED
99 SEP 15 PM 1:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

CALVIN J. WEBER,            )
                            )
    Plaintiff,              )
                            )
vs.                         )      Civil Action No. CV-98-S-3157-NE
                            )
U.S. ARMY AVIATION AND      )
MISSILE COMMAND et al.,     )
                            )
    Defendants.             )

ENTERED
SEP 15 1999

## MEMORANDUM OPINION

This action is before the court on (1) defendants' motion to consider their reply memorandum in support of their motion to dismiss; (2) defendants' motion to dismiss plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6);[1] and (3) defendants' motion to consolidate this case with Civil Action No. CV-99-C-1454-NE,[2] pursuant to Federal Rule of Civil Procedure Rule 42(a). Upon consideration of the motions, briefs, evidentiary submissions, and pleadings, the court concludes the first two motions are due to be granted, and the third denied.

---

[1] Federal Rule of Civil Procedure 12(b) provides, in relevant part: "[T]he following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter [and] .. (6) failure to state a claim upon which relief can be granted ...."

[2] Civil Action No. CV-99-C-1454-NE was filed by plaintiff solely against the United States Army Aviation and Missile Command. (See Complaint (Doc. No. 1), at 1.) See infra note 4 for further discussion of plaintiff's claims in that action.

## I. FACTUAL BACKGROUND

The following facts are taken from the Honorable Andre M. Davis' memorandum opinion in the cases of *Weber v. United States Department of the Army*, Civil No. AMD 98-2375 (D. Md. Dec. 28, 1998), and *Weber v. United States Army Personnel Security Clearance Facility*, Civil No. AMD 98-3907 (D. Md. Dec. 28, 1998):

> Mr. Weber worked as an Army engineer from 1974 to 1993 in St. Louis, Missouri. He had a security clearance. His job included certain responsibilities for the development and testing of equipment designed to protect Army helicopters and other airplanes from heat-seeking missiles. In October 1990, during the military operation known as Desert Shield in the Middle East, Mr. Weber disclosed to various news media, including in television and print interviews, that some of the helicopters being used in Desert Shield lacked rudimentary safety features that protect them against attack by heat-seeking missiles. Consequently, the Army undertook an investigation, subsequently conducted by the FBI, into whether Mr. Weber had violated security rules and regulations. Eventually, the Army terminated Mr. Weber's security clearance and ultimately, his employment. Although a referral for criminal prosecution was effected, the United States Attorney declined to prosecute Mr. Weber.
>
> Since his termination, Mr. Weber has engaged in a protracted course of litigation against various federal agencies and officials in administrative and judicial proceedings, including more than 20 lawsuits and other adversarial proceedings.

Id. at 2.[2]

---

[2] Judge Davis' rulings in these cases comprise Exhibit 9 in Defendants' evidence in support of motion to dismiss (Doc. No. 5).

2

In this case, Weber asserts his revocation of security clearance and subsequent termination from employment was in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., and abridged his rights under the Fifth Amendment to the United States Constitution. Specifically, he claims (1) revocation of his security clearance was premised on "lies"; (2) revocation of his security clearance was improper since his actions constituted statutorily-protected "whistleblowing"; and (3) his failure to be provided with a right of appeal to the Personnel Security Appeals Board violated his Fifth Amendment due process rights. (Complaint (Doc. No. 1) ¶¶ 17, 19, 20.)[4]

## II. MOTION TO CONSIDER REPLY MEMORANDUM

Defendants' motion to consider its reply memorandum, timely filed on March 30, 1999, is due to be **granted**.

---

[4] In Civil Action No. CV 99-C-1454-NE, Weber again asserts his termination from employment was in violation of the Administrative Procedures Act and abridged certain inherent constitutional rights. Here, Weber claims that: (1) at the time of his hiring in 1974, maintenance of security clearance was not a condition precedent to continued employment; (2) defendant violated Army Regulation 380-67, because the individual who discharged him was neither the head of a Department of Defense component nor a designated statutory official; (3) defendant further violated Army Regulation 380-67, because it did not coordinate the termination of plaintiff's employment with the Deputy under the Secretary of Defense for Policy; and (4) defendant violated plaintiff's "inherent constitutional right of fair and equal treatment" by reassigning to a non-sensitive position an individual who allegedly pled guilty to sexual assault, but not reassigning him. (Complaint (Doc. No. 1) ¶¶ 8-13.) The court declines to rule on these issues, based on its decision not to consolidate Civil Action No. CV-99-C-1454-NE with the case presently before the court. See infra section IV.

3

### III. MOTION TO DISMISS

Defendants argue review under the Administrative Procedures Act is barred by the comprehensive nature of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, codified as amended in scattered sections of Title 5 of the United States Code. Defendants further contend the decision of the Supreme Court in *Department of the Navy v. Egan*, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988), deprives this court of authority to review security clearance decisions made by agencies like defendant. With these arguments in mind, the court analyzes each of the three counts to see whether they survive scrutiny under either Rule 12(b)(1) or 12(b)(6).

**A. Counts One and Two**

Under *Egan*, this court has no authority to review the merits of a decision to revoke or deny a security clearance. *See* 484 U.S. at 529-30, 108 S.Ct. at 824-25; *see also Mangino v. Department of the Army*, 818 F. Supp. 1432, 1434 (D. Kan. 1993) ("Thus, to the extent that any of plaintiff's claims require this court to evaluate the merits of the Army's decision to revoke plaintiff's security clearance, they are dismissed.") Counts one and two clearly seek a review of the merits of defendants' decision to

4

revoke plaintiff's security clearance. Pursuant to Rule 12(b)(1) and the *Egan* decision, these claims are due to be dismissed.

**B. Count Three**

To establish a due process violation, plaintiff must show that a liberty or property interest is at stake. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 n.3, 105 S.Ct. 1487, 1491 n.3, 84 L.Ed.2d 494 (1985). Courts have uniformly held that "a person has no property right or liberty interest in a security clearance upon which a constitutional claim can be based." *Hill v. Department of the Air Force*, 844 F.2d 1407, 1411 (10th Cir. 1988); *see also, e.g., Jamil v. Secretary, Department of Defense*, 910 F.2d 1203, 1209 (4th Cir. 1990). Despite having no property right in his security clearance, plaintiff does possess a property interest in continued employment. *See Jamil*, 910 F.2d at 1209. This interest guarantees plaintiff the right to notice and an opportunity to be heard. *See Loudermill*, 470 U.S. at 542, 105 S.Ct. at 1493; *see also United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492, 498, 126 L.Ed.2d 440 (1993).

Under the Civil Service Reform Act of 1978 (the "Act"), plaintiff received proper notice and an opportunity to be heard in

5

connection with his termination of employment. *See Jamil*, 910 F.2d at 1209 ("[P]laintiff protests the propriety of the revocation of his security clearance, but his dispute over the merits of that decision does not render the procedure inadequate.") This Act, which provides the exclusive means for federal civilian employees like plaintiff to challenge adverse personnel actions, permits appeal to the Merit Systems Protection Board and review in the Court of Appeals for the Federal Circuit. 5 U.S.C. §§ 7701(a), 7703(b)(1); *see United States v. Fausto*, 484 U.S. 439, 443, 108 S.Ct. 668, 671, 98 L.Ed.2d 830 (1988) (noting Act created "'new framework for evaluating adverse personnel actions against [federal employees]'") (quoting *Lindahl v. OPM*, 470 U.S. 768, 773-74, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674 (1985)).

This court again cites the Honorable Andre M. Davis' memorandum opinion in the cases of *Weber v. United States Department of the Army*, Civil No. AMD 98-2375 (D. Md. Dec. 28, 1998), and *Weber v. United States Army Personnel Security Clearance Facility*, Civil No. AMD 98-3907 (D. Md. Dec. 28, 1998):

> The government's contentions are well taken. The [Administrative Procedures Act] was designed to provide relief for final agency action "for which there is no other adequate remedy." 5 U.S.C. § 704. *See Mittleman v. United States Treasury*, 773 F. Supp. 422, 449 (D.D.C. 1991). The Supreme Court has made clear that the APA

6

> does not provide additional remedies where Congress has already provided other adequate statutory remedies. *Bowen v. Massachussetts*, 487 U.S. 879, 903 (1988). The [Civil Service Reform Act of 1978] replaced a confusing mosaic of administrative and judicial review mechanisms related to federal employment. As the exclusive remedy provided by Congress, the statute provides a comprehensive scheme of administrative procedures and opportunity for appeal to the United States Court of Appeals for the Federal Circuit depending on the severity of the personnel action. This scheme may not be circumvented or supplemented by other statutes as Mr. Weber is attempting to do in these cases. *See United States v. Fausto*, 484 U.S. 439, 444-45 (1988); *Pinar v. Dole*, 747 F.2d 899 (4th Cir. 1984), cert. denied, 471 U.S. 1016 (1985).

*Id.* at 2-3.

Plaintiff admits that he "sought and fully exhausted administrative remedies provided under the Civil Service Reform Act of 1978 (CSRA) for both revocation of clearance and termination of employment." (Complaint (Doc. No. 1) ¶ 15.) Because plaintiff had adequate notice and opportunity to be heard under the Act, he received adequate due process. Therefore, his claim of a denial of Fifth Amendment due process fails and it also is due to be dismissed, pursuant to Rule 12(b)(6).

### IV. MOTION TO CONSOLIDATE

Because all of plaintiff's claims in this case are due to be dismissed, defendants' motion to consolidate with Civil Action No. CV-99-C-1454-NE is due to be denied.

7

An appropriate order will be entered contemporaneously herewith.

DONE this the 15th day of September, 1999.

_____
United States District Judge

8